UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      Case No. 15-cr-20089-1
      Hon. Matthew F. Leitman

LAHMAL MOSES BELL,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S REQUESTS FOR JUDICIAL RECOMMENDATION FOR HOME CONFINEMENT OR PLACEMENT IN A RESIDENTIAL REENTRY CENTER (ECF Nos. 163 & 167)

On May 6, 2015, Defendant Lahmal Moses Bell pleaded guilty to three offenses: a Hobbs Act robbery on January 18, 2015, using a firearm during and in relation to a crime of violence (his Hobbs Act robbery on January 18, 2015), and a Hobbs Act robbery on February 1, 2015. (*See* Rule 11 Plea Agreement, ECF No. 55, PageID.136; Judgment, ECF No. 104, PageID.614.) Bell's sentencing guidelines range was 141 to 155 months imprisonment. (*See* Rule 11 Plea Agreement, ECF No. 55, PageID.138, 150.) On December 15, 2015, this Court sentenced Bell to 114 months imprisonment: 30 months for each Hobbs Act robbery offense, to be served concurrently; and 84 months for using a firearm during and in relation to the first Hobbs Act robbery offense, to be served consecutively to his robbery counts. (*See* Judgment, ECF No. 104, PageID.614–615.) Bell was also sentenced to three years

1

of supervised release. (*See id.*, PageID.616.)  While incarcerated, Bell has been disciplined twice for stealing. (*See* Bell Discipinary Record, ECF No. 166-1, PageID.1412.)  Bell's anticipated release date is March 28, 2023. (*See* Sentence Computation, ECF No. 167, PageID.1416.)  Bell is currently incarcerated at FCI McDowell. (*See* 5/15/20 Mot. for Judicial Recommendation, ECF No. 167, PageID.1415.)

Bell has filed a Motion for Judicial Recommendation for Home Confinement or Placement in a Residential Reentry Center. (*See id.*, PageID.1413–1415.)  Bell's motion was dated on April 30, 2020, and it was filed on the Court's docket on May 15, 2020. (*See id.*, PageID.1415.)  Bell also submitted a second, nearly identical version of his motion, which was filed on the Court's docket on May 18, 2020. (*See* 5/18/20 Mot. for Judicial Recommendation, ECF No. 163.)  Bell argues that he should be released because he has taken substantial steps toward rehabilitation and is a low-risk, first-time offender who should be transferred to home confinement due to the ongoing COVID-19 pandemic. (*See* 5/15/20 Mot. for Judicial Recommendation, ECF No. 167, PageID.1414.)

Under 18 U.S.C. § 3624(c)(2), the Bureau of Prisons (the "BOP") may place a prisoner "in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  Bell would not typically be eligible for home confinement under § 3624 based on his time served to date.  On March 27,

2020, however, Congress temporarily permitted the Attorney General to "lengthen the maximum amount of time that a prisoner may be placed in home confinement." Conavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 236 (Mar. 27, 2020). "[T]he authority to make this determination is squarely allocated to the Attorney General, under whose authority is the Bureau of Prisons." *United States v. Doshi*, No. 13-cr-20349, 2020 WL 15271816, at *1 (E.D. Mich. Mar. 31, 2020); *see also United States v. Barnes*, No. 16-cr-20308, 2020 WL 2733885, at *2 (E.D. Mich. May 26, 2020) ("[T]his Court does not have authority to order Barnes released to home confinement under the CARES Act."). "That being said, the BOP routinely relies on judicial recommendations that express the district judge's determination of how a defendant should serve his time." *Doshi*, 2020 WL 15271816, at *1; *see also United States v. Rahim*, No. 16-cr-20433, 2020 WL 2065516, at *1 (E.D. Mich. Apr. 29, 2020) ("One of the factors [for the BOP to consider when evaluating a prisoner's request for release to home confinement] is 'any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate.'" (quoting 18 U.S.C. § 3621(b)(4))).

The Court does not recommend that Bell should be released to home confinement or a residential reentry center. Rather, Bell's violent offenses, the impact of those offenses on his victims, his stealing infractions while incarcerated,

and the nearly three years remaining on his sentence, in combination with one another, weigh against recommending such release for Bell at this time.

Accordingly, the Court **DENIES** Bell's Motions for Judicial Recommendation for Home Confinement or Placement in a Residential Reentry Center (ECF Nos. 163 & 167).

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  June 17, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 17, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9761

4